MDR

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Vaughn Gwen, | No.   CV-26-08013-PCT-JAT (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| Ryan Thornell, et al., | |
| Respondents. | |

On January 21, 2026, self-represented Petitioner Gerald Vaughn Gwen, who is confined in the Arizona State Prison-Kingman, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  On February 2, 2026, he filed a Motion for Change of Judge (Doc. 5) and an Application to Proceed In Forma Pauperis (Doc. 6).[1]  The Court will grant the Application to Proceed, deny the Motion for Change of Judge, and dismiss the Petition without prejudice.

## I.   Motion for Change of Judge

Petitioner seeks a change of judge, alleging he filed a judicial complaint against the undersigned and Magistrate Judge Metcalf, "which may interfere with their ability to remain impartial or render a just decision."  He also notes that the undersigned and Magistrate Judge Metcalf have been assigned to his prior lawsuits and claims this is

---

[1] Because the Clerk of Court docketed the Motion and Application on February 3, 2026, the Court was unaware of them when it issued the February 3, 2026 Order giving Petitioner 30 days to either pay the filing fee or file an application to proceed in forma pauperis.

"contrary to" Local Rule of Civil Procedure 3.7(a), "which prescribes that all cases are assigned by automated random selection."

First, assignment of this case is governed by Rule 3.7(**e**) of the Local Rules of Civil Procedure, not Rule 3.7(**a**).  Rule 3.7(e) governs the "Assignment of Complaints Filed by Incarcerated Persons and Habeas Corpus Petitions" and provides:

> The Clerk of Court must randomly assign complaints filed by incarcerated persons and habeas corpus petitions to a District Judge and randomly refer them to a Magistrate Judge.  **Any future pleadings filed by the incarcerated person or habeas corpus petitioner must be directly assigned and referred to the same District Judge and Magistrate Judge to whom the earlier case was assigned and referred, unless otherwise ordered by the Court**.

(Emphasis added.)  Because the Clerk of Court randomly assigned Petitioner's first lawsuit to the undersigned and Magistrate Judge Metcalf, the Clerk of Court was required, in compliance with Rule 3.7(e), to assign Petitioner's subsequent lawsuits, including this lawsuit, to the undersigned and Magistrate Judge Metcalf.

Second, recusal is not appropriate merely because Petitioner allegedly filed a judicial misconduct complaint against the undersigned.  *See United States v. Sutcliffe*, 505 F.3d 944, 958 (9th Cir. 2007) ("'[A] judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks.'" (quoting *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986)); *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1265 (11th Cir. 2009) ("The mere filing of a complaint of judicial misconduct is not grounds for recusal" because "it would be detrimental to the judicial system if a judge had to disqualify himself anytime someone filed a complaint about his conduct.  A  party would only have to file a complaint to get a different judge."").  When a litigant has filed a lawsuit or judicial misconduct complaint against the judge presiding over their case, neither automatic recusal nor automatic refusal to recuse is appropriate. *See In re Complaint of Jud. Misconduct*, 98 F.4th 988, 989 (9th Cir. 2024)  ("The Committee on Codes of Conduct has published guidance regarding recusal considerations

when a litigant has filed lawsuits or judicial misconduct complaints against the judge presiding over their case.  The Committee cautioned against automatic recusal, which may 'encourage litigants to manipulate and abuse the judicial process,' but also noted that a 'universal refusal to recuse' may negatively impact 'public confidence in the integrity of the judicial process.'").  Thus, the Court will consider whether recusal is appropriate.

Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455.  Section 144 provides for recusal where a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  The affidavit must state the facts and reasons for the belief that the bias or prejudice exists.  28 U.S.C. § 144.  If the judge finds the affidavit timely and legally sufficient, the judge must proceed no further and another judge must be assigned to hear the motion.  *Id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980).  Section 455, on the other hand, is self-enforcing on the judge and requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," where he "has a personal bias or prejudice concerning a party," or when he is "a party to the proceeding."  28 U.S.C. § 455(a), (b)(1), and (b)(5)(i).  *See also Sibla*, 624 F.2d at 867-68.

The undersigned must initially determine whether Petitioner has filed a legally sufficient affidavit.  *See United States v. Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978) ("the judge against whom an affidavit of bias is filed may pass on its legal sufficiency") (citing *Berger v. United States*, 255 U.S. 22 (1921)).  He has not.  "An affidavit filed pursuant to [28 U.S.C. § 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an *extrajudicial source*."  *Sibla*, 624 F.2d at 868 (emphasis added).  Petitioner has not filed an affidavit and his Motion does not contain facts supporting the conclusion that the undersigned has exhibited bias or prejudice stemming from an extrajudicial source.  Thus, the undersigned is not required to assign the recusal request to another judge.  *See*

*Azhocar*, 581 F.2d at 738 ("Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case.").

Under §§ 144 and 455, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)), *abrogated on other grounds in Simmons v. Himmelreich*, 576 U.S. 621 (2016). In nearly all cases, the source of any alleged bias must be extrajudicial. *Liteky v. United States*, 510 U.S. 540, 544-56 (1994). In *Liteky*, the Supreme Court stated:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree or favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

510 U.S. at 555 (internal citation omitted). *See also Pesnell*, 543 F.3d at 1044.

As previously discussed, Petitioner does not allege the undersigned has an extrajudicial bias against him. The undersigned cannot conclude the grounds advanced by Petitioner would cause a reasonable person with knowledge of all the relevant facts to question the impartiality of the undersigned. Thus, the Court will deny Petitioner's Motion for Change of Judge.

## II.    Application to Proceed In Forma Pauperis

Petitioner's Application to Proceed In Forma Pauperis indicates his inmate trust account balance is less than $25.00.  Accordingly, the Court will grant Petitioner's Application to Proceed In Forma Pauperi*s*.  *See* LRCiv 3.5(c).

## III.    Petition

This is Petitioner's **second** petition for a writ of habeas corpus challenging his conviction in Yavapai County Superior Court, case #CR201780290.  On July 28, 2022, Petitioner filed his first petition for a writ of habeas corpus regarding that conviction, *Gwen v. Shinn*, CV-22-08140-PCT-JAT (JFM).  In an August 22, 2024 Order, the Court denied the petition, and the Clerk of Court entered Judgment accordingly.  In a November 4, 2024 Order, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability.

Under 28 U.S.C. § 2244, a petitioner may not file a second or successive § 2254 petition in this Court unless the petitioner has obtained certification from the Ninth Circuit Court of Appeals authorizing the Court to consider the second or successive § 2254 petition.  28 U.S.C. § 2244(b)(3)(A).  The current Petition is a "second or successive" petition because (1) the original petition was dismissed with an adjudication on the merits, (2) the current Petition challenges the same judgment as the initial petition, and (3) the facts underlying the claims in the current Petition accrued by the time of the initial petition.  *Slack v. McDaniel*, 529 U.S. 473, 485-486 (2000); *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018).  Because the current Petition is a second or successive petition and because Petitioner has not presented a certification order from the Ninth Circuit authorizing the Court to consider it, the Court will dismiss the current Petition and this action.  The Court, however, will dismiss the case without prejudice so Petitioner can seek certification from the Ninth Circuit Court of Appeals to file a second or successive § 2254 petition.[2]

---

[2] In order to obtain certification from the Ninth Circuit Court of Appeals, the Petitioner must demonstrate that the claim or claims "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or that "the factual predicate for the claim could not have been discovered previously through the

- 5 -

**IT IS ORDERED:**

(1)    Petitioner's Motion for Change of Judge (Doc. 5) is **denied**.

(2)    Petitioner's Application to Proceed In Forma Pauperis (Doc. 6) is **granted**.

(3)    Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and this action are **dismissed without prejudice**, and the Clerk of Court must **enter judgment** accordingly.

(4)    The Clerk of Court must provide Petitioner with a copy of the form recommended by the Ninth Circuit Court of Appeals for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

(5)    Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 18th day of May, 2026.

James A. Teilborg
Senior United States District Judge

---

exercise of due diligence" and "the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**INSTRUCTIONS for Form 12. Application for Leave to File Second or
Successive Petition under 28 U.S.C. § 2254 or Motion under 28 U.S.C. § 2255**

**Read these instructions carefully.**

1.  The application, whether handwritten or typewritten, must be legible and signed by the applicant under penalty of perjury. An original must be provided to the Clerk of the Ninth Circuit. The application must comply with Circuit Rule 22-3, which is attached to these instructions.

2.  All questions must be answered concisely. Add separate sheets if necessary.

3.  If this is a capital case, the applicant shall serve a copy of this application and any attachments on respondent and must complete and file the proof of service that accompanies this form. If this is not a capital case, service on the respondent is not required.

4.  The proposed 28 U.S.C. § 2254 petition or 28 U.S.C. § 2255 motion that applicant seeks to file in the district court must be included with Form 12.

5.  Applicants seeking authorization to file a second or successive section 2254 habeas corpus petition shall include copies of all relevant state court decisions if reasonably available.

**Mail Form 12 to the court at:**
Clerk, U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

*Do not file this instruction page*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 12 Instructions**                                 *1*                                 *Rev. 12/01/18*

# CIRCUIT RULE 22-3. APPLICATIONS FOR AUTHORIZATION TO FILE SECOND OR SUCCESSIVE 28 U.S.C. § 2254 PETITION OR § 2255 MOTION - ALL CASES; STAY OF EXECUTION - CAPITAL CASES

(a)    **Applications.** An applicant seeking authorization to file a second or successive 28 U.S.C. § 2254 petition or 28 U.S.C. § 2255 motion in the district court must file an application in the court of appeals demonstrating entitlement to such leave under sections 2254 or 2255. *See* Form 12. An original in paper format of the application must be filed with the Clerk of the court of appeals unless the application is submitted via the Appellate Electronic Filing System. No filing fee is required. If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals. If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals. *(Rev. 12/1/09; Rev. 7/1/13; Rev. 7/1/16; Rev. 12/1/18)*

The applicant must:

(1)    include Form 12 if submitted by an applicant not represented by counsel;

(2)    include the proposed section 2254 petition or section 2255 motion that the applicant seeks to file in the district court;

(3)    state as to each claim presented whether it previously has been raised in any state or federal court and, if so, the name of the court and the date of the order disposing of such claim(s); and

(4)    state how the requirements of sections 2244(b) or 2255 have been satisfied.

(b)    **Attachments.** If reasonably available to the applicant, the application must include copies of all relevant state court orders and decisions. *(Rev. 12/1/09; Rev 7/1/16)*

(c)    **Service.**

(1)    **Capital Cases:** In capital cases, the applicant must serve a copy of the application, attachments, and proposed section 2254 petition/section 2255 motion on the respondent, and must attach a certificate of service to the application filed with the Court. *(Rev. 7/1/16)*

(2)    **Noncapital Cases:** In noncapital cases, service of the application on the respondent is not required. *(New 7/1/16)*

---

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 12 Instructions**                    *2*                    *Rev. 12/01/18*

**(d)    Response.**

    **(1)    Capital Cases:** In capital cases where an execution date is scheduled and no stay is in place, respondent shall respond to the application and file supplemental attachments as soon as practicable. Otherwise, in capital cases, respondent shall respond and file supplemental attachments within 14 days of the date the application is served. *(Rev. 12/1/09)*

    **(2)    Noncapital Cases:** In noncapital cases, no response is required unless ordered by the Court.  Respondent may include supplemental attachments with its response. *(Rev. 7/1/16)*

**(e)    Decision.** The application will be determined by a three-judge panel. In capital cases where an execution date is scheduled and no stay is in place, the Court will grant or deny the application, and state its reasons therefore, as soon as practicable.

**(f)    Stays of Execution.** If an execution date is scheduled and no stay is in place, any judge may, if necessary, enter a stay of execution, *see* Circuit Rule 22-2(e), but the question will be presented to the panel immediately. If the Court grants leave to file a second or successive application, the Court shall stay the applicant's execution pending disposition of the second or successive petition by the district court. *(Rev. 12/1/18)*

**Cross Reference:**

- Circuit Rule 25-5. Electronic Filing on page 84, specifically, Circuit Rule 25-5(b), Documents that may be submitted either electronically or in paper format

### *CIRCUIT ADVISORY COMMITTEE NOTE TO RULE 22-3*

*The district court is required to transfer mistakenly filed applications for authorization to file a second or successive section 2254 petition or 2255 motion. If an applicant files a document that appears to be an unauthorized section 2254 petition or 2255 motion and facially alleges a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence, the district court may transfer the filing to the court of appeals in the interests of justice or, in the alternative, the district court may dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12.*

*The rule requires applicants to provide the court of appeals with the proposed petition or motion. Pro se applicants are encouraged to use the form petition or motion adopted by the district court where the applicant anticipates filing the document. (New 7/1/16)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 12 Instructions**                    *3*                    *Rev. 12/01/18*

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**Form 12. Application for Leave to File Second or Successive
Petition under 28 U.S.C. § 2254 or Motion under 28 U.S.C. § 2255**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form12instructions.pdf*

9th Cir. Case Number *(to be provided by court)* _____

Applicant Name _____

Prisoner Registration Number _____

Address _____

_____

Name of Respondent (Warden) _____

**You MUST answer the following questions:**

(1) What conviction(s) are you challenging?

_____

_____

(2) In what court(s) were you convicted of these crime(s)?

_____

_____

(3) What was the date of each of your conviction(s) and what is the length of each sentence?

_____

_____

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 12**                    *1*                    *Rev. 12/01/18*

**For questions (4) through (10), provide information separately for each of your previous §§ 2254 or 2255 proceedings. Use additional pages if necessary.**

(4) Has the judgment of your conviction or sentence been modified or amended? If yes, when and by what court?

_____

_____

(5) With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under **28 U.S.C. § 2254** or **§ 2255**?

Yes ☐    No ☐

    (a) In which federal district court did you file a petition or motion?

_____

    (b) What was the docket number?

_____

    (c) On what date did you file the petition/motion?

_____

(6) What grounds were raised in your previous habeas proceeding?
*(list all grounds and issues previously raised in that petition/ motion)*

_____

_____

_____

(7) Did the district court hold an evidentiary hearing?    Yes ☐    No ☐

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 12**          2          *Rev. 12/01/18*

(8) How did the district court rule on your petition/motion?

☐ District court **dismissed** petition/motion. If yes, on what grounds?

_____

☐ District court **denied** petition/motion.

☐ District court **granted** relief. If yes, on what claims and what was the relief?

_____

(9) On what date did the district court decide your petition/motion?

_____

(10) Did you file an appeal from that disposition?   Yes ☐    No ☐

(a) What was the docket number of your appeal?

_____

(b) How did the court of appeals decide your appeal?

_____

(11) State concisely each and every ground or issue you wish to raise in your current petition or motion for habeas relief. Summarize briefly the facts supporting each ground or issue.

_____

_____

_____

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 12**                                    *3*                                    *Rev. 12/01/18*

(12) For each ground raised, was it raised in the state courts? If so, what did the state courts rule and when? *(Attach a copy of all relevant state court decisions, if available)*

_____

(13) For each ground/issue raised, was this claim raised in any prior federal petition/motion? *(list each ground separately)*

_____

_____

(14) For each ground/issue raised, does this claim rely on a new rule of constitutional law? *(list each ground separately and give case name and citation for each new rule of law)*

_____

_____

(15) For each ground/issue raised, does this claim rely on newly discovered evidence? What is the evidence and when did you discover it? Why has this newly discovered evidence not been previously available to you? *(list each ground separately)*

_____

_____

_____

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 12**                              *4*                              *Rev. 12/01/18*

(16) For each ground/issue raised, does the newly discovered evidence establish your innocence? How?

_____

_____

(17) For each ground/issue raised, does the newly discovered evidence establish a federal constitutional error? Which provision of the Constitution was violated and how?

_____

_____

(18) Provide any other basis for your application not previously stated.

_____

_____

_____

**Signature** _____ **Date** _____

**In capital cases only, proof of service on respondent MUST be attached. A sample proof of service is attached to this form.**

**Attach proposed section 2254 petition or section 2255 motion to this application.**

*Mail this form to the court at:*
Clerk, U.S. Court of Appeals for the Ninth Circuit, P.O. Box 193939, San Francisco, CA 94119-3939

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

## CERTIFICATE OF SERVICE

## Applications for Leave to File Second or Successive 28 U.S.C. §§ 2254/2255 Petitions/Motions

## <u>DEATH PENALTY CASES ONLY</u>

Case Name _____ v. _____

I certify that a copy of the application for leave to file a second or successive 28 U.S.C. § 2254 petition or § 2255 motion with any attachments was served, either in person or by mail, on the person listed below.

Signature _____
*(Notary NOT required)*

Date of Service _____

Name                          Address

_____   _____

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 12**                          *6*                          *Rev. 12/01/18*